# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

GENE THOMAS REYNOLDS,

Appellant,

v.

VANESSA C. REYNOLDS,

Appellee.

No. 2D2025-2326

_____

August 14, 2026

Appeal pursuant to Fla. R. App. P. 9.130 from the County Court for Hillsborough County; Melissa Black, Judge.

Shawn G. Brown of Shawn G. Brown, P.A., Tampa, for Appellant.

No appearance by Appellee.


PER CURIAM.

Affirmed.

VILLANTI, and ATKINSON, JJ., Concur.
SILBERMAN, J., Concurs specially with opinion.

SILBERMAN, Judge, Specially concurring.

I concur in the decision to affirm. However, I would remand with directions that all counterclaim references to Mr. Reynolds, as a counterclaim defendant in his individual or personal capacity, be stricken.[1]

The underlying complaint is styled: GENE THOMAS REYNOLDS, SUCCESSOR TRUSTEE OF THE REYNOLDS FAMILY TRUST DATED AUGUST 4, 2015 v. VANESSA C. REYNOLDS. Mr. Reynolds is not listed as a party to the complaint in any individual or personal capacity.

In her counterclaim, Ms. Reynolds alleged that she "sues Plaintiff/Counter-Defendant Gene Thomas Reynolds (*Herein* [sic] *after* GTR) personally and as Trustee of the Renolds [sic] Family Trust Dated August 4, 2015." The body of the counterclaim repeatedly refers to GTR as the party being sued.

Mr. Reynolds, in his personal capacity, filed a motion to dismiss the counterclaim for lack of jurisdiction and to quash service of process. In her response to the motion, Ms. Reynolds asserted that she was not suing Mr. Reynolds in his individual capacity and that the counterclaim was directed solely against him in his capacity as trustee. She acknowledged that "no new party has been added" to the litigation. Oddly, despite the wording of her counterclaim, she states: "Any characterization by Reynolds that he is personally named or sued in his individual capacity is inaccurate and purposely misleading."

---

[1] The parties use the terms "individual capacity" and "personal capacity" interchangeably. Their usage will be retained to avoid any confusion.

Following a hearing, the trial court denied Mr. Reynolds' motion to quash service of process.[2]  Unfortunately, we do not have a transcript of the hearing.  However, it appears likely that the trial court denied the motion based on the following: the acknowledgment by Ms. Reynolds that she is not bringing her counterclaim against Mr. Reynolds personally but only in his capacity as trustee; her statement that no new party has been added to the litigation; and the absence of anything in the record indicating that Mr. Reynolds, in a personal capacity, was served or attempted to be served with the counterclaim as would be required under Florida Rule of Civil Procedure 1.170(h).

Although I concur with the majority's decision to affirm, because of the wording in the counterclaim I would remand for the trial court to strike all references to Mr. Reynolds being sued in his personal or individual capacity.

————————————————————

Opinion subject to revision prior to official publication.

---

[2] The court did not address the motion to dismiss that he filed in his personal capacity.